An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1092

Filed 17 June 2026

Wake County, No. 24JA000132-910

IN THE MATTER OF:

Y.J.M.

Appeal by respondent-father from an order entered 14 August 2025 by Judge Ashleigh Parker in Wake County District Court. Heard in the Court of Appeals 3 June 2026.

> *Mary Boyce Wells, for petitioner-appellee Wake County Health and Human Services.*
>
> *Sydney Batch, for respondent-appellant Father.*
>
> *Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by William A. Robertson, for appellee guardian ad litem.*

FLOOD, Judge.

Father appeals from the trial court's order terminating his parental rights to his child, Emily.[1] Father argues that the order contained erroneous findings of fact pertaining to when Father had last visited Emily, the status of the bond between

---

[1] We use a pseudonym to protect the identity of the minor child. *See* N.C. R. App. P. 42 (2025).

Father and Emily, and Emily's likelihood of adoption, as well as that the trial court abused its discretion in determining the termination of his parental rights was in Emily's best interests. Father otherwise concedes the order contained sufficient legal grounds to terminate his parental rights. We agree that the portion of a finding concerning the date of Father's last visit with Emily was unsupported; however, that finding was not sufficiently material to establish the overall conclusion as to best interests constituted an abuse of discretion. To the extent Father also asks that we hold the trial court abused its discretion based on the weighing of evidence, that is a function reserved for the trier of fact. Accordingly, we affirm.

## I. **Factual and Procedural Background**

On 29 April 2024, Petitioner Wake County Health and Human Services filed a juvenile petition alleging neglect, improper supervision, and the creation of an environment injurious to Emily by Father. The Petition further alleged Father left Emily unattended to break into Mother's home, engaged in stalking and acts of domestic violence toward Mother, and changed residences multiple times.

After an approximately fifteen-month procedural history largely immaterial to this appeal, the trial court entered an order on 14 August 2025 terminating Father's parental rights on the bases of neglect and a willful failure to make reasonable progress on his case plan. Among the findings of fact in the order was Finding of Fact 16, which stated, in part, that Father's "last visit with the child prior to this hearing was on [2 June] 2025, and he arrived so late that the child was being placed in a

transport van to leave." The order also stated in Finding of Fact 32 that, despite Father's strong bond with Emily, other factors still weighed in favor of terminating Father's parental rights. Lastly among the relevant findings in the order, the trial court found in Finding of Fact 36 that Emily's "foster parents want to adopt the child to provide permanence for her[,]" but that, "should the current foster parents not be able to adopt [Emily], she can form a strong relationship with other potential adoptive parents." From these findings—among many others—the trial court concluded as a matter of law that the termination of Father's parental rights was in Emily's best interests.

Father timely appealed.

## II. **Jurisdiction**

This Court has jurisdiction to review this appeal from a final judgment pursuant to N.C.G.S. §§ 7A-27(b) and 7B-1001(a)(4) (2023).

## III. **Analysis**

On appeal, Father argues (A) Findings of Fact 16, 32, and 36 were unsupported by the evidence, and (B) the trial court abused its discretion in determining Emily's best interests. "The trial court's dispositional findings of fact are reviewed under a competent evidence standard." *In re A.J.T.*, 374 N.C. 504, 508 (2020) (citation and internal quotation marks omitted). "Competent evidence is evidence that a reasonable mind might accept as adequate to support the finding." *In re J.M.*, 384 N.C. 584, 591 (2023) (citation omitted).

"The district court's assessment of a juvenile's best interest at the dispositional stage is reviewed only for abuse of discretion." *In re A.R.A.*, 373 N.C. 190, 199 (2019). "[A]buse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *In re T.L.H.*, 368 N.C. 101, 107 (2015) (citation omitted).

## A. Findings of Fact

First, Father argues portions of Findings of Fact 16, 32, and 36 are unsupported by the evidence. We address each finding in turn.

As stated above, the challenged portion of Finding of Fact 16 states that Father's "last visit with the child prior to this hearing was on [2 June] 2025, and he arrived so late that the child was being placed in a transport van to leave." Father specifically challenges this finding on the basis that "[t]he uncontroverted evidence before the court indicated that respondent father had, in fact, visited [Emily] on 7 July 2025, just 2 days prior to the TPR hearing." All parties agree—and the Record confirms—that the 7 July 2025 visit occurred. This portion of the finding is therefore unsupported. However, a single unsupported finding of fact in an order where the determination of neglect is otherwise supported is not itself a basis to overturn the trial court's order. *See In re W.K.*, 376 N.C. 269, 278 (2020) ("To the extent that this portion of [the challenged] Finding of Fact [] is unsupported or represents an unsupported inference, it is not necessary or relevant to the trial court's ultimate finding of the existence of neglect as a basis for termination of [the] respondent-

father's parental rights.").

Father next challenges Finding of Fact 32, which states that Emily

> has a positive bond with her Father and appears comfortable with him during visits. He brings food and snacks for the child, and she cuddles with him while she plays. She is often confused about who her father is, uncle or [] [F]ather. While [] [F]ather has a bond with the child, the [c]ourt gives greater weight to the other factors demonstrating that termination of parental rights is in the child's best interests.

Father challenges this finding on the basis that the trial court assigned inadequate weight to the parent-child bond between Emily and Father and does not directly challenge the competency of the evidence to support this finding. "Unchallenged findings of fact are deemed supported by the evidence and are binding on appeal." *In re K.H.*, 281 N.C. App. 259, 266 (2022); *see also In re B.E.*, 375 N.C. 730, 749 (2020) ("[T]he weight assigned to particular evidence, and to the various dispositional factors in N.C.G.S. § 7B-1110(a), is the sole province of the trier of fact."). Furthermore, "the bond between parent and child is just one of the factors to be considered under N.C.G.S. § 7B-1110(a), and the trial court is permitted to give greater weight to other factors[,]" *In re Z.L.W.*, 372 N.C. 432, 437 (2019); therefore, this finding also reflects a proper analytical framework on the part of the trial court.[2] Without any challenges to the specific facts discussed in Finding of Fact 32 or any errors in analysis by the

---

[2] To the extent Father also challenges this finding on the basis that the manner in which the trial court weighed the statutory factors constituted an abuse of discretion, that argument is without merit.

trial court, we hold this finding was supported.

Father also challenges Finding of Fact 36, which states that Emily's "foster parents want to adopt the child to provide permanence for her[,]" but that, "should the current foster parents not be able to adopt [Emily], she can form a strong relationship with other potential adoptive parents." Father challenges this finding on two bases: first, that there was not adequate evidence of whether Emily's current foster parents or any other prospective household would adopt Emily, and, second, that the finding does not "meet the requirement to consider and make written findings concerning the 'likelihood of adoption' as required by N.C.G.S. § 7B-1110[.]" *See* N.C.G.S. § 7B-1110(a)(2) (2023) (establishing that, "[a]fter an adjudication that one or more grounds for terminating a parent's rights exist, the court shall determine whether terminating the parent's rights is in the juvenile's best interest[,]" which requires the court to consider, *inter alia*, "[t]he likelihood of adoption of the juvenile"). To the extent Father's argument is predicated on the notion that the trial court was required to opine on the likelihood of adoption in numerical or comparative terms rather than simply discuss the conduciveness of Emily and her circumstances to adoption, Father has not met his burden to show that this specific proposition is supported in our caselaw. Similarly, to the extent Father argues the trial court was required to make specific findings concerning adoption logistics or timeframes, he has provided no authority that stands for that proposition. The testimony presented at trial also adequately supports the finding that Emily's foster parents want to adopt

her and that she was otherwise adoptable. Therefore, Finding of Fact 36 was supported.

In summary, of the three challenged findings, only the challenged portion of Finding of Fact 16 was unsupported, and that finding was not sufficiently consequential to the trial court's ultimate determination of neglect to merit vacating the order on appeal; rather, it reflected a minor error in the trial court's understanding of recent visitation timeframes and was a small portion of the overall body of findings contributing to the neglect determination. *See In re W.K.*, 376 N.C. at 278.

## B. Best Interests

Finally, Father argues the trial court abused its discretion in its conclusion that it was in Emily's best interests to terminate his parental rights. As the trial court's challenged findings of fact were supported, except with respect to the date of Father's last visit with Emily in Finding of Fact 16, we disagree. This conclusion was an acceptable use of discretion in light of the supported findings of fact. To the extent Father has also asked throughout his brief that we hold the trial court abused its discretion based on the failure to weigh the evidence in a manner more favorably to him, the weighing of evidence is the sole prerogative of the trier of fact. *See In re B.E.*, 375 N.C. at 749 ("[T]he weight assigned to particular evidence, and to the various dispositional factors in N.C.G.S. § 7B-1110(a), is the sole province of the trier of fact."). We therefore hold the trial court did not abuse its discretion.

## IV. Conclusion

With one partial exception, the findings of fact Father challenges on appeal were supported by competent evidence, and one unsupported portion of a finding does not, standing alone, merit a conclusion that the trial court abused its discretion. To the extent Father also asks that we reweigh the evidence in a manner more favorable to him, that was a function reserved for the trier of fact, and we will not disturb the trial court's order on that basis.

AFFIRMED.

Judges TYSON and WOOD concur.

Report per Rule 30(e).